**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KAMISHA HOLMAN,

*Plaintiff*,

v.

EQUIFAX INFORMATION SERVICES, LLC,

*Defendant*.

Civil Action No. 25-14284

**OPINION**

September 29, 2026

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Defendant Equifax Information Services, LLC's ("Defendant" or "Equifax") Motion to Dismiss the Complaint of *pro se* Plaintiff Kamisha Holman ("Plaintiff"), (ECF 1, "Complaint" or "Compl."), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF 7, "Motion" or "Mot.") The Court has decided the Motion upon the submissions of the parties, without oral argument, pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion is **GRANTED**; Plaintiff's Complaint is **DISMISSED** without prejudice.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This action arises out of alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. (*See* Compl.) Plaintiff is an individual consumer as defined by

[1] When considering a motion to dismiss under Rule 12(b)(6), courts are obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). Courts also consider any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d

§ 1681a(c) who resides in New Jersey. (*Id.* ¶ 3.) Defendant Equifax is a Consumer Reporting Agency ("CRA") as defined by § 1681a(f) that operates in New Jersey. (*Id.* ¶ 4.) CRAs "assemble[] or evaluate[] consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." § 1681a(f).

In early May 2025, Plaintiff applied for business funding from multiple lenders and was allegedly denied due to inaccuracies on her consumer credit report.[2] (Compl. ¶¶ 5-8.) On May 10, 2025, Plaintiff disputed her credit report, and claims Defendant subsequently sent Plaintiff notice of the verified information on June 8, 2025, without addressing Plaintiff's evidence of the inaccuracies. (*Id.* ¶¶ 29-31.) On July 7, 2025, Plaintiff requested Equifax's Automated Consumer Dispute Verification ("ACDV") records,[3] which Defendant allegedly failed to respond to. (*Id.* ¶¶ 32-33.) On August 5, 2025, Plaintiff filed suit in this Court. (*See generally id.*) Plaintiff alleges two causes of action under the FCRA against Defendant: failure to conduct reasonable reinvestigation (Count I) and failure to provide verification records (Count II). (*Id.* ¶¶ 38-45.) Plaintiff asks this Court to order Defendant to remove the credit report inaccuracies and produce

---

1410, 1426 (3d Cir. 1997). A district court construes a *pro se* plaintiff's filings liberally. *See Marcinek v. Comm'r*, 467 F. App'x 153, 154 (3d Cir. 2012).

[2] Plaintiff claims Equifax reported the following: inaccurate payment history and account status on a BMW Financial Services account; inaccurate delinquency dates and a January 2024 charge-on a Navy Federal Credit Union account; inaccurate payment history on a Salt Lake City New Resolution account; inaccurate charge-off status on a Battery ZND FL account; inaccurate assignment and charge-offs on a Portfolio Recovery Associates account; inaccurate assignment and charge-off on a Resurgent Capital Services L.P. on behalf of LVNV Funding LLC account; inaccurate reporting on a Riverview Commons SR 1st Lien account; and inaccurate reporting on a 9 001 E 1th ST Unit 401 Austin VA account. (*See* Compl. ¶¶ 9-28.)

[3] An ACDV record "is a form used by [CRAs] to verify the accuracy of a disputed account. Once a consumer disputes an entry in her credit report, consumer reporting agencies forward an ACDV describing the dispute to the original source. The original source verifies the disputed information by checking a box on the ACDV form indicating the adverse account is accurate." *See, e.g.*, *Dixon-Rollins v. Experian Info. Sols., Inc.*, 753 F. Supp. 2d 452, 457 n.2 (E.D. Pa. 2010).

the ACDV records. (*Id*. at 7.) After filing an appearance on December 17, 2025, (ECF 4), Defendant moved to dismiss the Complaint on December 31, 2025. (*See generally* Mot.) Plaintiff did not file any opposition papers.

## II. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

When a plaintiff files a complaint *pro se*, their "pleadings must be liberally construed." *Alexander v. Gennarini*, 144 F. App'x 924, 926 (3d Cir. 2005). The arguments of *pro se* litigants "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *Phillips v. Ctny. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, when a Plaintiff alleges legal conclusions disguised as factual assertions, or factual assertions that are otherwise unreasonable, the court is under no obligation to accept such allegations as true. *Baraka*

*v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (holding a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations"). If, after reviewing the pleadings, a court determines that a plaintiff failed to establish a claim and construed all reasonable facts and inferences in favor of the plaintiff, the court may dismiss the complaint for failure to state a claim upon which relief can be granted. *Stringer v. Bureau of Prisons, Fed. Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

## III. ANALYSIS

Defendant argues for dismissal of the Complaint on two grounds. (*See* ECF 7-1, "Def. Br." at 2-5.) First, as a threshold matter, Defendant argues that Plaintiff's failure to sign the Complaint warrants dismissal. (*Id.* at 2-3.) Next, on the merits, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff requests injunctive relief and Defendant is not required to provide ACDV records to Plaintiff. (*Id.* at 3-5.) The Court addresses each argument in turn.

### A. Federal Rule of Civil Procedure 11(a)

Rule 11(a) states "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). It also requires inclusion of "the signer's address, e-mail address, and telephone number." *Id.* If a party fails to adhere to Rule 11(a), a district court "***must*** strike [the] unsigned paper unless the omission is promptly corrected after being called to the … party's attention." *Id.* (emphases added).

Here, Plaintiff has not signed the Complaint, nor has she provided an e-mail address or telephone number. (*See* Compl.) Therefore, the Complaint is defective under Rule 11(a), and the Court dismisses Plaintiff's claims without prejudice. *See Campbell v. Walmart, Inc.*, No. 25-

18850, 2026 WL 2491471, at *5 (D.N.J. Aug. 25, 2026) (dismissing claims brought by *pro se* litigant who did not sign the complaint); *Jabri v. Bank of Am., N.A.*, No. 20-17004, 2021 WL 672934, at *2 (D.N.J. Feb. 22, 2021) (same). To be sure, "[e]ven assuming, *arguendo*, that Plaintiff *had* complied with the requirements of Rule 11, the … Complaint would nevertheless be dismissed for failure to [state a claim upon which relief can be granted]." *Rhett v. New Jersey State Superior Ct.*, No. 07-2303, 2007 WL 1791264, at *2 (D.N.J. June 19, 2007) (emphasis in original).

**B. Failure to State an FCRA Claim**

**1. FCRA Background**

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Under the FCRA, CRAs "must strive to 'assure maximum possible accuracy' in credit reports." *See Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (quoting 15 U.S.C. § 1681e(b)). If a CRA receives notice from a consumer disputing the accuracy of reported information, "the agency shall free of charge, conduct a reasonable[4] reinvestigation to determine whether the disputed information is inaccurate" within 30 days. § 1681i(a)(1)(A) (footnote added). Under § 1681i(a)(6)(A) of the FCRA, the CRA "shall provide written notice to [the] consumer of the results of [its] reinvestigation." Upon receipt of the CRA's notice, the consumer may request "a description of the procedure used to determine the accuracy and completeness of the information." § 1681i(a)(6)(B)(iii). The CRA must then provide a description

[4] In the context of the FCRA, "a reasonable procedure is one 'that a reasonably prudent person would undertake under the circumstances.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014) (citation omitted). When assessing whether a CRA's procedure is reasonable, courts "must balance the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy.'" *See Bibbs*, 43 F.4th at 340 (quoting *Seamans*, 744 F.3d at 865).

of its reinvestigation procedure to the consumer "not later than 15 days after receiving [the consumer's] request." § 1681i(a)(7).

Sections 1681n and 1681o of the FCRA create a private cause of action for consumers to vindicate their statutory rights. "Any person," which is inclusive of CRAs, who willfully or negligently "fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer" for actual damages, costs, and attorneys' fees, and in some cases, statutory and punitive damages. *See* §§ 1681n, 1681o; *see also Muir v. Early Warning Servs., LLC*, No. 16-521, 2017 WL 2616890, at *4 (D.N.J. June 16, 2017). Here, Defendant argues that Plaintiff's FCRA claim fails because the Complaint includes a demand only for injunctive relief. (*See* Def. Br. at 4-5; *see also* Compl. at 7 ("Wherefore, Plaintiff demands: Injunctive relief ordering Equifax to delete all inaccurate negative accounts from Plaintiff's credit report and provide the requested ACDV records.").)

The Court agrees that "a private party cannot seek injunctive relief" under the FCRA. *See Knechtel v. Choicepoint, Inc.*, No. 08-5018, 2009 WL 4123275, at *7 (D.N.J. Nov. 23, 2009); *cf. Weiss v. Regal Collections*, 385 F.3d 337, 341 (3d Cir. 2004). Nevertheless, the Court "take[s] seriously [its] charge to construe *pro se* complaints nonrestrictively." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *see also Mills v. L. Offs. of Mitchell D. Bluhm & Assocs.*, No. 23-1072, 2023 WL 7039496, at *3 (D.N.J. Oct. 26, 2023) ("[C]ourts should be mindful of their duty 'to apply the relevant legal principle even when the complaint has failed to name it.'" (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). Here, Plaintiff describes her alleged harm throughout the Complaint, such as "denial of business funding, loss of appetite, inability to sleep, and financial losses" and "emotional distress, including anxiety and sleeplessness," which

may be associated with damages.[5] (*See, e.g.*, Compl. ¶¶ 34, 37.) Therefore, this Court dismisses Plaintiff's request for injunctive relief, liberally construes the Complaint as also seeking monetary relief as authorized by the FCRA, and proceeds to the merits of Plaintiff's claims. *See Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000) ("[T]he allegations in [pro se Plaintiff]'s complaint are consistent with a claim for nominal damages."); *Edwards v. Billmeier*, No. 18-1857, 2018 WL 5095993, at *3 n.2 (D.N.J. Oct. 19, 2018) ("The Court liberally construes Plaintiff's pro se complaint as requesting damages."); *cf., e.g.*, *Schmidt v. Kachel*, No. 02-286, 2003 WL 23162897, at *2 (W.D. Wis. Apr. 3, 2003) ("The failure of a pro se plaintiff to request punitive damages or other specific relief in his complaint is not fatal, because 'it is well-settled law in this circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers.'").

### 2. Reinvestigation of Disputed Information

In Count I of the Complaint, Plaintiff alleges Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputed accounts, which constitutes a "willful or negligent violation" of § 1681i(a)(1) of the FCRA. (Compl. ¶¶ 38-41.)

To state a claim for negligent noncompliance with the FCRA, a plaintiff must show: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Bibbs*, 43 F.4th at 342. To prove a willful violation, in addition to the four

---

[5] Although Plaintiff's alleged "business funding" damages may not be recoverable under the FCRA, (*see* Def. Br. at 3 (citing *Hussain v. Carteret Sav. Bank, F.A.*, 704 F. Supp. 567, 569 (D.N.J. 1989) ("[P]laintiff has alleged only business damages, which … are not covered by FCRA."))), the FCRA permits other actual damages, and statutory and punitive damages for willful violations of the statute. *See* §§ 1681n(a), 1681o.

elements, the plaintiff must also "show[] that the defendant acted knowingly or with reckless disregard of the statute's terms." *Id.* at n.16 (quoting *Seamans*, 744 F.3d at 868).

The first element is dispositive. *See id.* at 344 ("[W]ithout a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." (citations omitted)). "[B]efore a court can consider whether an agency's reinvestigation was reasonable, it must first determine that the disputed information was in fact inaccurate." *Id.* "'Inaccurate' information under the FCRA is that which is 'technically incorrect' or missing information that, through its omission, 'creates a materially misleading impression.'" *Floyd v. Upgrade Inc.*, No. 25-12151, 2026 WL 1803512, at *3 (D.N.J. June 23, 2026) (citations omitted). To assess whether a consumer's credit report contains inaccuracies, courts in this Circuit apply an objective "'reasonable reader' standard which determines how a reasonable reader would have comprehended a report." *See Bibbs*, 43 F.4th at 342, 345 (citations omitted). "A reasonable reader in this context is one who is 'in a position to make an adverse decision based on a credit report' … [and] 'runs the gamut to include sophisticated entities like banks and less sophisticated individuals such as local landlords.'" *Johnson v. TransUnion, LLC*, No. 25-3053, 2026 WL 858747, at *5 (D.N.J. Mar. 30, 2026) (citations omitted).

The Court finds that Plaintiff has not shown that the information Defendant reported was inaccurate. "[M]any district courts in this Circuit have reasoned: general allegations of inaccurate information in a consumer credit report are insufficient to state a plausible violation of the FCRA." *Id.* at *4 (citing *Anigbogu v. Midland Credit Mgmt., Inc.*, No. 23-21732, 2025 WL 99581, at *2 (D.N.J. Jan. 15, 2025) (collecting cases)). Here, Plaintiff alleges general inaccuracies concerning several accounts in her Equifax credit report, such as inaccurate payment histories, account statuses, delinquency dates, assignments, charge-offs, and reporting. (*See* Compl. ¶¶ 9-28).

Indeed, for two of the alleged inaccuracies, Plaintiff merely states: "account contained inaccurate reporting." (*Id.* ¶¶ 25-28.) Although Plaintiff includes details like account numbers, names, and balances in the Complaint, (*see id.* ¶¶ 9-28), such details do not show the Court "how or why th[e] information was inaccurate or how [Defendant] should have reported it."[6] *See Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024); *see also Johnson*, 2026 WL 858747, at *4 ("Plaintiff, however, does not allege what the accurate information actually is." (internal quotation marks and citation omitted)).

Absent specific allegations of inaccuracies, the Court may not reasonably infer that Plaintiff's credit report was inaccurate or misleading. *See Williams*, 2024 WL 3439776, at *1; *see also Anigbogu*, 2025 WL 99581, at *2; *Oyedeji v. Checkr, Inc.*, No. 23-04096, 2024 WL 1598697, at *4 (D.N.J. Apr. 12, 2024). Because Plaintiff fails to show the first element of her § 1681i(a)(1) claim, the Court need not proceed in its analysis of whether Defendant's reinvestigation was reasonable. *See Bibbs*, 43 F.4th at 344. Accordingly, Plaintiff fails to state a claim upon which relief may be granted, and this Court **DISMISSES** Count I of the Complaint without prejudice.

### 3. Description of Reinvestigation Procedure

In Count II of the Complaint, Plaintiff alleges Defendant failed to provide ACDV records of its reinvestigation in violation of § 1681i(a)(6) of the FCRA. (Compl. ¶¶ 42-45.)

As discussed above, a consumer has a statutory right to request and receive "a description of the procedure used to determine the accuracy and completeness of the information …, including the business name and address of any furnisher of information contacted in connection with such

---

[6] "For example, [Plaintiff] did not specify whether the … account information was inaccurate because [s]he did not really have a balance on the account, because [s]he had not really made a late payment, or because the account was not really h[ers]." *See Williams*, 2024 WL 3439776, at *1 n.2.

information and the telephone number of such furnisher, if reasonably available." §§ 1681i(a)(6)(B)(iii), (a)(7). However, §§ 1681i(a)(6)-(7) does not require CRAs to provide consumers with specific records, such as ACDVs, associated with reinvestigations—nor does any other provision of the FCRA. Here, Plaintiff does not allege that she requested "a description" of the procedure Defendant used in reinvestigating Plaintiff's information. (*See generally* Compl.) Rather, Plaintiff alleges that she requested Defendant's reinvestigation-related ACDV records. (*Id.* ¶ 32.) Defendant argues, and this Court agrees, that Plaintiff "cites to no authority supporting her position that she is entitled to *specific documents* created in connection with her reinvestigation." (Def. Br. at 4 (emphasis in original).)

Because the FCRA requires Defendant provide only a description of its reinvestigation procedure upon request, Plaintiff's § 1681i(a)(6) claim fails as a matter of law. Accordingly, this Court **DISMISSES** Count II of the Complaint without prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**. Counts I-II are **DISMISSED** without prejudice. Plaintiff has thirty (30) days to file an amended complaint addressing the deficiencies noted in this Opinion. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc: James B. Clark, U.S.M.J.
Parties